IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03253-PAB

WILLIAM H. HAZEL III,

    Plaintiff,

v.

WILLIAM RYAN MITCHELL, Farmers District Sales Manager (DSM),
JACK JAMESON, Farmers District Sales Manager (DSM),
FARMERS INSURANCE GROUP FEDERAL CREDIT UNION d/b/a FIGFU,
FARMERS INSURANCE COMPANY,
FARMERS INSURANCE EXCHANGE,
TRUCK INSURANCE EXCHANGE,
FIRE INSURANCE EXCHANGE,
MID-CENTURY INSURANCE COMPANY,
FARMERS NEW WORLD LIFE INSURANCE COMPANY, AND THEIR SUBSIDIARIES AND AFFILIATED INSURERS, collectively known as "the Companies,"
RAUL VARGAS, Farmers Insurance Company CEO, and
GABE SNYDER, former Farmers Sales Manager,

    Defendants.

## ORDER

    The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendants Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, and Farmers New World Life (collectively, the "Farmers defendants"). The Farmers defendants' notice of removal asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Docket No. 1 at 4-5, ¶¶ 18-20.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires sua sponte action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

The Farmers defendants assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Docket No. 1 at 4-5, ¶¶ 18-20. Pursuant to that section, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's

2

statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal quotations and alterations omitted); *see also Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012). "For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 108, 1023 (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)). The well-pleaded complaint rule "makes the plaintiff the master of the claim." *Devon Energy Prod. Co., L.P.*, 693 F.3d at 1202 (citation omitted). But the Farmers defendants, as the parties asserting federal jurisdiction through the removal notice, have the burden of establishing federal subject matter jurisdiction. *See Radil*, 384 F.3d at 1224.

This case is the second case filed in the District of Colorado involving the dispute between Mr. Hazel and the defendants named here. Mr. Hazel's first lawsuit was filed on May 28, 2024 against the same defendants in the District of Colorado. *See Hazel v. Jameson*, No. 24-cv-01498-SBP, Docket No. 1 (D. Colo. May 28, 2024). The complaint in that case indicated that it was brought under federal question jurisdiction, *Hazel v. Jameson*, No. 24-cv-01498-SBP, 2024 WL 3634946, at *1 (D. Colo. May 31, 2024), although the individual claims appeared to rely on state contract law theories. *See id.* (discussing Mr. Hazel's "breach of contract" claims against the defendants). On May 31, 2024, Magistrate Judge Susan Prose found that the court did not appear to have

3

either federal question jurisdiction or diversity jurisdiction and directed Mr. Hazel to file an amended complaint.  *Id.* at *2-3.  On June 28, Mr. Hazel filed an amended complaint.  *Hazel v. Jameson*, No. 24-cv-01498-SBP, 2024 WL 3634941, at *1 (D. Colo. July 8, 2024).  The amended complaint alleged two claims: first, discrimination under the Americans with Disabilities Act (the "ADA"), and second, breach of contract.  *Id.*  The complaint cited various federal statutes and regulations, although it did not explain how these statutes and regulations related to his claims.  *See id.* at *2-3.  On July 8, 2024, Judge Prose ordered Mr. Hazel to file a second amended complaint.  *Id.* at *3.  Judge Prose explained that Mr. Hazel needed to "provide facts establishing federal jurisdiction over his claims, as well as a clear and concise statement of each claim that identifies the specific legal right allegedly violated, the specific facts that support the claim, and what each Defendant did or failed to do that allegedly violated his rights."  *Id.* at *2.

The case was subsequently reassigned to Judge Lewis T. Babcock and Magistrate Judge Richard T. Gurley.  *Hazel v. Jameson*, No. 24-cv-01498-LTB-RTG, Docket No. 10 (D. Colo. Aug. 14, 2024).  Judge Gurley noted that Mr. Hazel had not complied with Judge Prose's order to amend the complaint and that the then-operative complaint was deficient under Federal Rule of Civil Procedure 8.  *Hazel v. Jameson*, No. 24-cv-01498-LTB-RTG, 2024 WL 4100857, at *2 (D. Colo. Aug. 15, 2024).  Judge Gurley therefore recommended that the case be dismissed without prejudice, *id.* at *3, and Judge Babcock accepted the recommendation, dismissing the case without prejudice.  *Hazel v. Jameson*, No. 24-cv-01498-LTB-RTG, 2024 WL 5496868, at *1 (D. Colo. Sept. 6, 2024).

Mr. Hazel filed this case on October 8, 2024 in the District Court of Boulder County, Colorado. Docket No. 1-1 at 2. The complaint alleges similar claims to Case No. 24-cv-01498-LTB-RTG, although Mr. Hazel titled his two claims as "Mental incapacity to enter into contract" and "Breach of Contract." *Id.* at 8-10. In several sections of the complaint, Mr. Hazel cites various federal statutes and regulations. *Id.* at 5-6, 8-10. Defendants removed this case to federal court on November 22, 2024. Docket No. 1.

In their notice of removal, defendants argue that the Court has federal question jurisdiction over the case. Docket No. 1 at 4-5, ¶¶ 18-20. Defendants state that:

> Although Plaintiff's pro se Complaint is difficult to decipher, he raises several federal statutes and/or claims including the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq., (Exhibit A, ¶¶ 25-29, 31, and 37), the Dodd-Frank Act, 12 U.S.C. § 5301, et seq. (Exhibit A, ¶ 13), The Truth in Lending Act, 12 U.S.C. § 1752 (Exhibit A, ¶ 34), and 41 U.S.C. § 6502-6503 (Exhibit A, ¶ 35).

Docket No. 1 at 4, ¶ 18. Defendants then assert that, while the complaint alleges a breach of contract claim, the "claim is based on the same factual assertions and the claims are so related to the federal claims in this action that they are within this Court's original jurisdiction in that they form part of the same case or controversy under Article III of the Constitution." *Id.* at 4-5, ¶ 19. Finally, defendants state that the Court has federal question jurisdiction because "the allegations in Plaintiff's Petition are based on claims asserted under the laws of the United States of America." *Id.* at 5, ¶ 20. Defendants do not cite any authority in support of these arguments. Nor do defendants address the fact that Judges Prose and Gurley found that Mr. Hazel's complaints in his first federal case, which contain substantially similar allegations to those in the present case, did not sufficiently allege federal jurisdiction.

5

A case can be removed to federal court if it could have been filed in federal court originally.  *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).  In order to assess whether this case could have originally been filed in federal court under federal question jurisdiction, the Court must consider whether a federal question appears on the face of the well-pleaded complaint.  *Id.* ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citation omitted).

Given that Mr. Hazel is proceeding pro se, the Court must construe his complaint liberally, without acting as his advocate, in assessing whether the complaint presents a federal question.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court finds that Mr. Hazel's complaint cannot be construed as alleging a federal question.  The titles of Mr. Hazel's two claims – "Mental Incapacity to enter into contract" and "Breach of Contract" – both appear to be claims based on state contract law.[1]  The first reference to the ADA comes in the section of the complaint titled "Mental incapacity to enter into contract" and states that "U.S. Code § 12102 defines a disability as '(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'"  Docket No. 6 at 8-9, ¶ 25.  The second reference to the ADA is in the section of the complaint titled "Breach of contract" and states that "[t]he Plaintiff's medical records clearly indicate that

---

[1] The Court does not decide whether "Mental Incapacity to enter into contract" is a colorable claim under state law; the Court merely finds that the claim that Mr. Hazel describes appears to be one based in contract law.

6

he is considered disabled under the ADA." *Id.* at 10, ¶ 31.  Both references appear to be in support of Mr. Hazel's contract-based assertions that the defendants should not have contracted with him given his impairment, rather than in support a freestanding ADA claim.[2]  Mr. Hazel does not explain the purpose of his other references to federal law.[3]  Citing federal laws while not providing any other details is insufficient to establish federal subject matter jurisdiction under 28 U.S.C. § 1331.  *See Blume v. Los Angeles Superior Cts.*, 731 F. App'x 829, 830 (10th Cir. 2018) (unpublished) ("Here, Plaintiff's largely incoherent complaint listed numerous causes of action arising under federal law and the Constitution . . . .  Plaintiff's undeveloped assertions, however, are insufficient to establish a colorable claim arising under federal law."); *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (unpublished) (holding that "a laundry list of statutes without any explanation of how they provide federal question jurisdiction" is

---

[2] Bolstering the Court's conclusion that the "mental incapacity" claim is not an ADA claim is the fact that one of Mr. Hazel's previous complaints captioned a claim involving similar allegations as an ADA claim.  *Compare* Amended Complaint and Jury Demand, *Hazel v. Jameson*, No. 24-cv-01498-LTB-RTG, Docket No. 6 at 5-7, ¶¶ 17-25 (D. Colo. June 28, 2024) *with* Docket No. 6 at 8-9, ¶¶ 24-29.  Mr. Hazel's decision to change the title of the claim and to remove several references to the ADA seems to indicate an intent to pursue something other than an ADA claim.

[3] Some of references appear to relate to the Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act").  *See, e.g.*, Docket No. 6 at 10, ¶ 34.  As Judge Prose explained in her July 8, 2024 order, "the Dodd-Frank Act does not demonstrate this Court's subject-matter jurisdiction, unless [plaintiff] identifies a provision of the Dodd-Frank Act that permits a private cause of action allowing individuals to enforce such provision."  *Hazel*, 2024 WL 3634941, at *3.  Mr. Hazel's current complaint does not, however, identify any provision of the Dodd-Frank Act that contains a private right of action that would allow an individual to sue to enforce the act's provisions.  Instead, Mr. Hazel's complaint cites the same laws and provides the same quote as his prior complaint.  *Compare* Docket No. 1-1 at 5-6, ¶ 13, *with* Amended Complaint and Jury Demand, *Hazel v. Jameson*, No. 24-cv-01498-LTB-RTG, Docket No. 6 at 2, ¶ 1 (D. Colo. June 28, 2024).  Mr. Hazel's other references are to portions of the ADA and to federal acquisition laws and have no obvious relevance to plaintiff's claims.  *See* Docket No. 6 at 10, ¶¶ 35-37.

insufficient to confer subject matter jurisdiction). The Court finds that the complaint does not raise a colorable claim under federal law and that the Court therefore does not have subject matter jurisdiction over the complaint. The Court will therefore order that this case be remanded to the District Court of Boulder County, Colorado.

It is therefore

**ORDERED** that this case shall be remanded to the District Court for Boulder County, Colorado, where it was filed as Case No. 2024CV96. It is further

**ORDERED** that this case is closed.

DATED May 9, 2025.

                                BY THE COURT:

                                PHILIP A. BRIMMER
                                Chief United States District Judge